## Morgan, Administrator, v. Ressler

*Body, Muth, Rhoda & Stoudt*, for plaintiff.

*John W. Forry*, guardian of minor defendant, p. p.

HESS, J., August 28, 1951.—Plaintiff filed suit in trespass against defendant seeking to recover damages occasioned by the death of plaintiff's daughter resulting from injuries sustained when an automobile driven by defendant was involved in an accident. The Sheriff of Berks County served the complaint in Lebanon County by deputization, and the return indicates that service was made by handing a true copy to the father of defendant at the residence of the latter. The return also indicates that defendant is a minor who at the time of service of the complaint was a member of the armed forces of the United States, stationed at a camp in Texas. A guardian appointed by the court for minor defendant has filed preliminary objections seeking to have the service set aside for the reason that it is alleged that service upon persons serving in the armed forces is by law invalid.

The guardian relies upon the holding of this court in Fister v. Bollinger, 51 D. & C. 621, in which case the court held that constructive service had upon the parent of defendant at the residence was invalid inasmuch as the latter was serving overseas in the armed forces of the United States. Plaintiff relies upon the pronouncement of President Judge Sheely in Lawther v. Lawther, 53 D. & C. 280, in arguing that the service is valid and should be upheld. While there may be some differing expressions of opinion in. the two opinions relative to the present effectiveness of the Act of April 18, 1861, P. L. 408, which relates to service of process upon men in the armed forces, a careful study of the two cases would indicate that they are in harmony insofar as their ultimate holdings are concerned. Judge Sheely in the Lawther case recognizes that under certain circumstances a final divorce decree may be entered against a man serving in the armed forces even though service was had by publication, but concludes that on the record before him the facts permitting the entry of such decree were not shown and, accordingly, remanded the case to the master so as. to permit the taking of additional testimony. Judge Schaeffer in the Fister case likewise infers that there may be a state of facts which would impel the court to uphold service made upon a man serving in the armed forces, but concludes that on the facts agreed to in the record of that case the service should be set aside.

In Fister v. Bollinger, supra, p. 626, the opinion of this court states:

"We are not, however, basing the decision in the present case upon the Act of 1861, but upon the circumstances of the case as viewed in the light of what the Supreme Court in the Land Title case held to be the applicable public policy. The defendant here is overseas; there was no personal service upon him. The service made was by a method authorized by our stat-

ute: it was, therefore, not void. But upon the application of the person upon whom actual service was made in order to procure constructive service, sanctioned by the statute, upon defendant, we should quash the service.

"It is not necessary for us to decide here whether or to what extent the court may have a discretion in deciding to quash such service. If it appear to the court that defendant, although in the armed services, can answer the summons without prejudice, it would seem that the service should not be quashed. But in the case before us we have no hesitancy in employing our judicial power, whether discretionary or not, to grant the relief prayed for."

In the case before us, the record does not show that defendant is overseas and it is not made to appear to us that defendant is unable to answer the summons without prejudice. In our opinion, at this stage of the proceedings defendant is fully protected. He is a minor, but a guardian has been appointed to protect his rights and the application we are now considering indicates that the guardian is conscientiously endeavoring to fulfill his obligation to the ward. The Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1179, 50 U. S. C. App. §510, continues to be in effect and protects defendant from the entry of a default judgment against him.

It will be noted that in Fister v. Bollinger, supra, the parties agreed in writing to certain facts which the court considered sufficient to warrant setting aside the service. We do not have the advantage of a record of that nature. In fairness to defendant we will not now overrule his guardian's motion to set aside the service, but will allow 20 days in which to determine whether depositions should be taken in support of the motion. Should no application be made within such

period, plaintiff may prepare and submit an order dismissing the preliminary objections.

And now, to wit, August 28, 1951, an order is entered in accordance with the foregoing opinion.